IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEFANIE WESEMAN,

                Plaintiff,                              CV-06-1338-ST

       v.                                                 FINDINGS AND
                                                             RECOMMENDATION

WELLS FARGO HOME MORTGAGE, INC., a
California Corporation,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Stefanie Weseman, alleges that defendant, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), attempted to collect an allegedly delinquent debt from her which was not, in fact, delinquent and improperly verified the debt with various credit reporting agencies. As a result, she has been unable to obtain other financing and has suffered emotional damages. She alleges claims for willful and negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681s-2(b) (Counts I and II), negligence (Count III), and violation of the Oregon Trade

Practices Act ("OTPA"), ORS 646.608 (Count IV). This court has jurisdiction pursuant to 15 USC § 1681p.

Pursuant to FRCP 12(c), Wells Fargo moves to dismiss Counts III and IV for failure to state a claim for relief because they are preempted by the FCRA (docket # 12). For the reasons set forth below, that motion should be granted with leave to amend Count III.

## STANDARDS

In evaluating a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F3d 940, 946 (9th Cir 2005). Although detailed factual allegations are not necessary,

> a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 127 S Ct 1955, 1964-65 (2007) (citations omitted).

## FINDINGS

Wells Fargo is a furnisher of credit information pursuant to the FCRA. 15 USC § 1681a(d). The duties of furnishers of information to consumer reporting agencies ("CRA"s) are set out in 15 USC § 1681s-2. In Counts I and II, Weseman alleges that Wells Fargo violated 15

USC § 1681s-2 which defines the duties of furnishers of information upon receipt of notice from a CRA of a dispute as to information.  After such notification, the furnisher of information is required to investigate within specified time limits to determine the accuracy or completeness of the information previously provided to the CRA.  The furnisher must report the results of that investigation to the CRA and to other nationwide CRAs to whom it had furnished the information, and must modify, delete, or block reporting of the information that is inaccurate, incomplete, or cannot be verified.

When first enacted in 1968, the FCRA had one section dealing with preemption of state law claims.  This section, 15 USC § 1681h(e), currently provides:

> (e) Limitation of Liability
> Except as provided in section 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action based in whole or part on the report except as to false information furnished with malice or willful intent to injure such consumer.

This clause only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure.

However, when Congress amended the FCRA in 1996, it added a provision preempting state law as to claims against furnishers of information which provides as follows:

> No requirement or prohibition may be imposed under the laws of any State
> (1) with respect to any subject matter regulated under –

3 - FINDINGS AND RECOMMENDATION

> \* \* \*
>
> > (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply –
> > > (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
> > > (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).[1]

15 USC § 1681t(b).

It is clear that this subsection preempts Weseman's Count IV alleging a violation of the OTPA. This claim is not saved by § 1681h(e) which makes no reference to statutory claims and instead refers exclusively to common law causes of action. In fact, Weseman does not even respond to Wells Fargo's motion to dismiss Count IV. Instead, the issue in this motion centers on whether Count III, alleging a negligence claim, is preempted.

Because Congress did not repeal or alter § 1681h(e) in 1996 when it added § 1681t(b)(1)(F), a tension exists between the two preemption provisions with respect to state common law claims. If § 1681t(b)(1)(F) is construed to preempt all state law causes of action against credit information furnishers, then § 1681h(e) is superfluous and effectively repealed. As a result, district courts have taken three different approaches in reconciling these two provisions: the "total preemption" approach, the "temporal" approach, and the "statutory" approach. One court succinctly explains the differences as follows:

> Under the "total preemption" approach, [§ 1681]t(b)(1)(F) does indeed preempt all state law claims against furnishers of credit information

---

[1] The two state statutes that are exempted from preemption by this section both involve the obligations of credit information furnishers to provide accurate information to credit reporting agencies.

4 - FINDINGS AND RECOMMENDATION

>arising from conduct regulated by [§] 1681s-2, thus effectively repealing the earlier preemption provision, [§] 1681h(e). Under the "temporal" approach, preemption depends on whether the cause of action arises before or after a credit information furnisher has notice of a consumer dispute. Finally, under the "statutory" approach, [§ 1681]t(b)(1)(F) preempts only state law claims against credit information furnishers brought under state statutes, just as [§] 1681h(e) preempts only state tort claims.

*Manno v. Am. Gen. Fin. Co.*, 439 F Supp2d 418, 424-25 (ED Pa 2006) (footnotes and citations omitted).

To date, neither the Ninth Circuit nor any other circuit court has addressed the scope of preemption under the FCRA. *See Beyer v. Firstar Bank, N.A.*, 447 F3d 1106, 1108 (8th Cir 2006) (noting that district courts have taken different approaches and declining to reach the question). District courts in the Ninth Circuit have employed both the "total preemption" and "statutory" approaches, with the majority favoring the "total preemption" approach. *Dvorak v. AMC Mortgage Servs. Inc.*, 2007 WL 4207220, *4 (ED Wash Nov. 26, 2007) (citations omitted). In this district, Judge Brown was persuaded by the "total preemption" approach adopted by *Davis v. Maryland Bank, NA*, 2002 WL 32713429 (ND Cal June 19, 2002) and *Roybal v. Equifax*, 405 F Supp2d 1177 (ED Cal 2005), and found that "the plain language of § 1681t(b)(1)(F) precludes Plaintiff's defamation claim" against a furnisher of information. *Cope v. MBNA Am. Bank, NA*, 2006 WL 655742, * 9 (D Or March 8, 2006). However, she also noted that plaintiff "appears to concede this point" and that even under § 1681h(e), the defamation claim would have been barred because the allegations relied on conduct falling within § 1681s-2(a). That subsection is enforceable only by federal and state officials and provides no private right of action. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F3d 1057 (9th Cir 2002).

Contrary to Judge Brown, this court is persuaded by the reasoning of the courts which adopt the "statutory" approach. It is noteworthy that this is not the only court in which judges from the same district disagree on this issue. In *Gorman v. Wolpoff & Abramson, LLP*, 370 F Supp2d 1005, 1010 (ND Cal 2005), Judge Ware rejected *Davis* "because it violates a canon of statutory construction by allowing a general statute to trump a specific statute." And in contrast to *Roybal*, the court in *Woods v. Protection One Alarm Monitoring, Inc.*, 2007 WL 2391075 *11 (ED Cal Aug. 22, 2007), held that a libel action could be maintained under § 1681h(e) if malice could be proved, but concluded that plaintiff failed to allege or prove a violation of § 1681s-2(b).

This court not only agrees with Judge Ware, but also is persuaded by the reasoning in *Manno* that "in enacting [§ 1681]t(b)(1)(F), Congress seems to have been most concerned with protecting credit information furnishers from state statutory obligations inconsistent with their duties under the FCRA." *Manno*, 439 F Supp2 at 425. It is noteworthy that § 1681t(b)(1)(F) specifically exempts two state statutes, and the 1996 amendments enacting § 1681t make no mention of § 1681h(e). Furthermore, the two provisions "can easily be read together to shield credit information furnishers against, on one hand, state statutory claims, and on the other hand, state tort actions not involving willful or malicious conduct." *Id* at 426. Thus, this court concludes that preemption of a negligence claim is governed by § 1681h(e).

Weseman argues that her negligence claim falls within the narrow exception carved out in § 1681h(e). After obtaining financing for her home, Weseman alleges that the servicing was handled by RBC Centura. Complaint, ¶ 3.1. RBC Centura later notified her that her home loan was sold to Wells Fargo. *Id*, ¶ 3.2. In November 2003, when Weseman called Wells Fargo to get a loan number to put on her payment, Wells Fargo advised her that it did not own the loan

6 - FINDINGS AND RECOMMENDATION

and told her to wait before making payment. *Id*, ¶ 3.4. In early 2004, both RBC Centura and Wells Fargo sent her collection notices for the same home mortgage. *Id*, ¶¶ 3.5-3.6. By May 2004, Wells Fargo had threatened to begin foreclosure proceedings and both RBC Centura and Wells Fargo furnished negative credit reporting to the four major credit bureaus. *Id*, ¶¶ 3.8-3.9.

Sometime between May 2 and 25, 2004, Wells Fargo acknowledged to Weseman its error in furnishing negative credit reporting history to each of the four major credit bureaus concerning her mortgage. *Id*, ¶ 3.10. On May 25, 2004, Wells Fargo sent Weseman correspondence confirming that it had instructed the four major credit bureaus to "remove negative reporting [for her] from March 2004 through the present." *Id*. Despite that assurance, Wells Fargo provided Weseman with a notice on June 8, 2004, that it was continuing to attempt to collect her allegedly delinquent debt. *Id*, ¶ 3.11. The negative reporting continued until June 2006. *Id*, ¶ 3.12. On November 25, 2005, Weseman submitted a dispute to Experian regarding the Wells Fargo debt on her credit report and received a response that Wells Fargo had verified the debt and, therefore, it would remain on her credit report. *Id*, ¶ 3.13. Weseman also disputed the debt with EquiFax and TransUnion in November 2005 with the same result. *Id*, ¶ 3.14. In November and December 2005, when Wells Fargo verified the Weseman debt, it "knew or should have known, that the information was inaccurate." *Id*, ¶ 3.15. As a result, Weseman contends that a reasonable finder of fact could conclude that the continued collection and reporting of the debt by Wells Fargo after it knew it did not have Weseman's loan was done with malice or willful intent to injure her. Alternatively, she seeks leave to amend to allege specific facts concerning malice or willful intent by Wells Fargo.

At this point, the allegations are insufficient to fall under the exception from preemption provided by § 1681e(h).  A negligence claim, by its very name, can never be intentional.  In contrast,  a "willful" act under the FCRA is "done knowingly or intentionally, or is recklessly committed with a conscious disregard for the rights of others."  *Harris v. Equifax Credit Info. Serv., Inc.*, 2003 WL 23962280, *2 (D Or 2003) (internal quotations and citations omitted).  Absent a specific allegation that Wells Fargo acted with malice or willfully, a reasonable fact-finder could conclude, based on the current allegations, that Wells Fargo simply made an unintentional mistake.  Therefore, somewhat paradoxically, to fall within the exception from preemption under § 1681h(e), Weseman should be required to amend to allege a negligence claim that Wells Fargo furnished false information "with malice or willful intent" to injure her.

## **RECOMMENDATION**

For the reasons set forth above, Wells Fargo's Motion to Dismiss Two Causes of Action for Failure to State a Claim (docket #12) should be GRANTED in part as to Count IV (violation of the OTPA) and DENIED with leave to amend as to Count III (negligence).

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due **January 3, 2008.**  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 11th day of December, 2007.

/s/ Janice M. Stewart____
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION